Howard's Lessee *vs*. Carpenter.

*Judgment affirmed.*

(Decided November 16th 1864.)

JOHN EAGER HOWARD, LESSEE *vs*. WILLIAM H. CARPENTER.

EJECTMENT: PRACTICE IN COURT OF APPEALS: ENTRY OF FINAL JUDGMENT IN COURT OF APPEALS AFTER JUDGMENT REVERSED: PRACTICE: PRAYERS AND INSTRUCTIONS, TIME OF OFFERING.—In an action of ejectment, after the plaintiff had submitted his evidence to the jury and rested his case, the defendant before any offer of evidence on his part prayed an instruction, asserting in effect the proposition "that notice to quit or demand of possession was necessary to enable the plaintiff to maintain ejectment,"—which instruction the Court gave, and the verdict and judgment were for the defendant. On appeal the ruling of the Court below in granting said instruction was reversed and the judgment on the verdict rendered under said instruction also reversed and *procedendo* ordered. On motion by the appellants to modify this judgment and for the entry of a final judgment for the appellant, (plaintiff)—HELD:

1st. That in the absence of any proof of a rule of the Court below requiring all the testimony on both sides to be offered before any prayer is made

32      v. 22.

Howard's Lessee *vs.* Carpenter.

to the Court, the Appellate Court cannot assume that the defendant did not intend to offer evidence on his part in the event of his want of success in his prayer to the Court.

2nd. That it is a perfectly legitimate and usual practice to offer a prayer involving the right of the plaintiff to recover on the case made by him, before any proof is offered by the defendant; and if, as in the present case, the Court below erroneously grant the defendant's prayer, and the judgment is reversed on appeal, it would often work the greatest injustice if the Appellate Court should enter final judgment, thereby depriving the defendant of the privilege of offering any evidence,—and that too, not by reason of any fault of his, but from an error committed by the Court.

Where the issue joined is to be determined by the Court, as in a plea of *nul tiel record*, or on demurrer, if the Court below err, the Appellate Court on reversing the judgment, may give final judgment according to law; so, also, where the facts are concluded, leaving only questions of law to be determined by the Court, as upon a special verdict, or upon an agreed statement of facts or case stated and submitted to the Court for its judgment thereon.

APPEAL from the Circuit Court for Baltimore County:

This was a motion by the appellant in the case hereinbefore reported, on page 10, for a modification of the judgment of this Court already entered, or about to be entered in that case, and for the entry of a final judgment in favor of the appellant for the land claimed in the declaration. The case is fully stated in the opinion of this Court.

The cause was submitted to the Court on notes filed on both sides; BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*A. W. Machen*, in support of the motion.

It is a general rule that a Court of Error in reversing a a judgment against the plaintiff below, enters up such a judgment as the Court below ought to have rendered. In *Ceely vs. Hoskins, Cro. Car.*, 509, where after verdict for the plaintiff, in *Slander*, judgment was rendered for the defendant, on the ground that the words were not actionable, the judgment was reversed and a new judgment

rendered on the verdict, for the plaintiff. In *Greene vs. Cole*, 2 *Saund.*, 252, in *Waste*, the verdict was for the plaintiff with damages assessed. This verdict was set aside as defective and a new trial awarded. The second verdict was for the defendant, upon which final judgment was rendered. On error this judgment was reversed, and a new judgment entered for the plaintiff, on the first verdict. In *Philips vs. Bury, Lord Raym.*, 7, and 4 *Mod.*, 106, there was a special verdict in which judgment was given for the defendant. On error this judgment was reversed, and final judgment on the verdict was entered for the plaintiff.

Upon these cases we may assume, that where the matter of fact in issue is found for the plaintiff, or is set out in a special verdict, and judgment on the matter in law is rendered, in the Court below, for the defendant, the Court of Error in reversing that judgment will render such judgment as the Court below ought to have rendered on that verdict.

The position contended for by the appellee's counsel, that the verdict of a jury is a necessary condition precedent to the entry of a judgment for the plaintiff on the reversal of a judgment for the defendant in the Court below, is negatived by the decision of *Wilson vs. Stonestreet*, decided about the year 1829. Whenever the fact out of which the plaintiff's title arises is found by a verdict, or is confessed by the pleading, or is otherwise concluded, it is competent for the Court of Error to pronounce such judgment upon the matter of law, arising out of that fact, as the Court below ought to have pronounced. The form in which the confession or conclusion is made cannot affect the application of the rule.

The bill of exceptions shows a distinct admission of every fact necessary to entitle the plaintiff to recover. The Appellate Court should assume those facts to be established, and pronounce such judgment thereupon as

the Court below, if it had not miscarried in matter of law, must have pronounced. The facts entering into the appellant's case are established by admission, just as conclusively as they could have been by a general or special verdict, and as the jury would not have been permitted to gainsay the facts thus admitted, there can be no reason for a verdict as preliminary to the rendering of such judgment as those facts, if found in a special verdict, would have warranted. There is nothing in the Act of 1826, ch. 200, sec. 10, to require a procedure so fraught with delay and unnecessary expense. There is nothing to show that the effect of those admissions can be countervailed by other evidence to be produced at another trial. *Harwood vs. Marshall*, 9 *Md. Rep.*, 107. *Field et al. vs. Adreon et al.*, 7 *Md. Rep.*, 209. *State vs. Kearney*, 13 *Md. Rep.*, 230. *Farmers Bank of Maryland vs. Sprigg*, 11 *Md. Rep.*, 390. *Inloes vs. The Am. Ex. Bank*, 11 *Md. Rep.*, 174. *Simpers' Lessee vs. Simpers*, 15 *Md. Rep.*, 160. *Garittee vs. Carter*, 16 *Md. Rep.*, 309. *Phelps & Stewart's Lessee vs. Phelps*, 17 *Md. Rep.*, 120.

The argument for the appellee appears to be that the admissions were made for the special purpose of raising a specific question; and that the appellee has other defences on which he may rely in the event of another trial. In answer to the first part of the argument we may repeat, that the admissions were made simply, without any qualification or reservation whatever, and on the authority of the *Farmers Bank of Maryland vs. Sprigg*, may be offered in evidence on a second trial. The answer to the latter part of the argument is, that there is nothing to show that the defendant has any defence whatever to the plaintiff's case admitted by the defendant, and in the exercise of its discretion must confine itself to the matter disclosed by the record.

In short the power of the Court under the Act of 1826 is unquestionable. The rule in such cases is clearly laid

down in one of the more modern cases, *Lambert vs. Taylor*, 4 *Barn. & Cress.*, 138, 152. And the only condition required in the application of the rule is that the Court shall be able to ascertain from the whole record what judgment ought to be rendered.

If the Appellate Court is ever justified in proceeding to adjudicate a controversy, on the ground that no reasonable expectation exists that the final result will be different, or justice better promoted, by sending the case down, it would seem to be in an action of ejectment, where no question of damages can possibly arise for the decision of a jury, and where the judgment which restores the landlord to his possession, does not debar the defendant from subsequently litigating his own case, if in point of fact he have one which he has failed to disclose.

*S. Teackle Wallis*, for the appellee, against the motion.

I do not dispute the proposition that admissions, made by counsel, in writing, at one trial, are competent evidence, at a second hearing of the case. *Merchants Bank vs. Marine Bank*, 3 *Gill*, 124. How far they are to be regarded as an *estoppel*, it is not necessary to consider. It is sufficient for my argument, that they cannot preclude the party, against whom they are used, from adducing other facts in evidence, to qualify the legal or other effect of the facts admitted. While, therefore, I concede that the admissions made below, in this case, are to be taken as true, *pro hac vice*, I contend that the facts admitted do not make a case which is incapable of being successfully resisted under a *procedendo*. It does not follow, from them, that the plaintiff must recover, if the case goes back, and it surely cannot "appear to be just" that the defendant should be deprived of a rehearing when the record shows nothing to demonstrate that such rehearing will be useless. This Court will go so far as to reverse a judgment, and yet render final judgment for the appel-

lee, where it is manifest that the appellant could have no case on a rehearing. *Dolan et al. vs. Mayor & C. C. of Baltimore,* 4 *G. & J.,* 501. *Prather vs. Maude,* 11 *G. & J.,* 266–7. But this is only where such impossibility is affirmatively shown by the record, for the Court never denies a rehearing, where it may serve the ends of justice, though it will do so, where further proceedings must be futile. This latter was the case, in *Reany ats. The State,* 13 *Md. Rep.,* 230, cited by Mr. Machen, where the fact was patent, on the record, that the plaintiff (who succeeded on the appeal) could only recover nominal damages, and a *procedendo* was accordingly refused, as idle. So in *Field vs. Adreon,* 7 *Md. Rep.,* 209, likewise referred to by Mr. Machen, a final judgment was rendered for the appellants, (plaintiffs,) because both plaintiffs and defendants had developed their case, and the record showed that there was no defence, possible or pretended, but that which the appeal overruled. The cases in 11 *Md. Rep.,* 174 and 390, were not instances in which the question of refusing a *procedendo* was either discussed or practically treated. In the former, (11 *Md. Rep* , 174,) the plaintiff had verdict and judgment below, and the judgment was affirmed in this Court. In the latter, (11 *Md. Rep.,* 390,) the case was sent back under a *procedendo,* for reasons which were not and could not be controverted. Of the case of *Wilson vs. Stonestreet,* I know nothing, as it is not reported. It cannot be of much authority, as there was no opinion, but, on the showing of the appellant's argument, the record, itself, disclosed a state of facts and law which rendered it necessarily useless to remand the case.

I must, in conclusion, protest against the assumption that this controversy was submitted to the Court below as upon a case stated, in any sense. The fundamental rule of the action of ejectment being, that the plaintiff must recover upon the strength of his own title, and the plain-

Howard's Lessee *vs.* Carpenter.

tiff having presented a title upon which, in my judgment (at that time) he was not entitled to a verdict, the simple question was, whether the time of the Court and counsel should be occupied in making a defence, which, in my view, was useless, or whether the Court should be asked to decide upon the plaintiff's case, before it sought to develop mine. To what took place at the trial-table, outside of the record, I may not advert, but the prayer upon the plaintiff's shewing of his title, was presented, and the instruction prayed was given, as the prayer states, "upon the plaintiff's proof as offered." The concurrence of the Court below, in the law of the prayer, demonstrates, that to have produced the defendant's case would have been time wasted. That the plaintiff's evidence was of facts admitted in writing, had no more to do with the point, than if they had been proven, orally, or by the production of the papers to which they refer. They were admitted, in writing, simply as an accommodation to the plaintiff's counsel. They were not conceded, and I am sure they were not asked to be admitted, with a view to give to the plaintiff a better standing than the proof in the usual way would have obtained for him. It is submitted, that they do give him no such standing in the present controversy, and the question is therefore narrowed down to this:—Does a defendant in *Ejectment*, by setting up the weakness of the plaintiff's case, to be passed on by the Court before he develops his own, concede *ipso facto*, that he has no case of his own, and justify the Appellate Court in assuming that he has none, and refusing him a *procedendo* on that assumption?

Bartol, J., delivered the opinion of this Court.

After the opinion of the Court had been delivered in this case at the present term, the counsel for the appellant filed agreements, by which the motion to strike out the entry of use in favor of Thomas S. Alexander and

George W. Dobbin, was withdrawn, by their consent; reserving however to the plaintiff or the representatives of Lady Stafford, the right to renew the motion, and to resist the right or claim of the *cestuis que use*, by any form of proceeding which would have been admissible, if such motion had never been made, or being made, had not been withdrawn.   And thereupon the appellants' counsel have moved this Court to modify the judgment already entered, or proposed to be entered, and order final judgment to be entered up in this Court in favor of the plaintiff (the appellant) for the land claimed in the declaration.   The learned counsel who have appeared in support of this motion, have not misconstrued the opinion of this Court first pronounced in the cause.   In the view which was then taken by the Court, of the questions presented by the bill of exceptions, and the construction of the Act of 1826, to grant this motion would be simply a matter of course, so soon as the obstacle growing out of the motion to strike out the use should be removed. This conclusion, however, the Court have had occasion to reconsider, and entertaining some doubts of its correctness, the clerk was directed to furnish to the defendant's counsel a copy of the motion, and after reading his argument, suggested their doubts to the counsel of the plaintiff, and requested them to argue the question.   We have now before us the able arguments submitted on both sides, and shall proceed as briefly as we can, to dispose of the interesting question of practice now presented.   By the Act of 1826, ch. 200, sec. 10, this Court is authorized on any appeal or writ of error, "*to give judgment, or award a writ of procedendo for a rehearing of the case, as shall appear to be just.*"   Construing this provision by the aid of previous legislation, and the practice of the Appellate Court, we cannot better convey its meaning than by referring to the words of the Code, Art. 5, sections 14 and 16, in which the statute law of the State, regulating this

Howard's Lessee *vs.* Carpenter.

subject, as it existed before the Code was adopted, is briefly and clearly expressed.  On reversing a judgment, this Court has power *"to give such judgment as ought to have been given by the Court below."*  And *"in all cases* where judgments shall be reversed or affirmed by this Court, and it shall appear to the Court that a new trial ought to be had, a writ of *procedendo* shall issue."  Ought the Court below to have rendered judgment in this case for the plaintiff?  If not, then this motion cannot be granted.  Independently of our statute, this is the general rule governing Courts of error and appeal, stated in *Tidd's Practice,* cited in argument.

When may the Court pronounce final judgment?  To answer this question it is necessary to state some general propositions.  1st.  When the issue joined is to be determined by the Court, as on a plea of *nul tiel record,* or on demurrer; if the Court below err, this Court on reversing the judgment, may give final judgment according to law.  Of this class were the cases of *Wilson vs. Stonestreet, The State vs. Raney,* and some others cited, and the case of *McCormick vs. Bradfield,* which was a suit upon a record, decided at the present term.  2nd.  When the facts are concluded, leaving only questions of law to be determined by the Court, as upon a special verdict, or upon an agreed statement of facts or case stated and submitted to the Court for its judgment thereon.  Of this latter class were *The Farmers Bank vs. Sprigg,* 11 *Md. Rep.; Simpers vs. Simpers,* 15 *Md. Rep.,* and *Phelps vs. Phelps,* 17 *Md. Rep.*  And to this class it is contended the present case is analogous, and ought to be decided upon the same principle.  This makes it necessary for us to examine again the bill of exceptions.  From that it appears that the plaintiff, to maintain the issue on his part joined, offered in evidence to the jury, certain written agreements or admissions of counsel, and closed his case.  The defendant then asked the Court for an

33    v. 22.

instruction to the jury, based upon a supposed failure "of proof on the part of the plaintiff, and the instruction being granted, the verdict was in his favor, and judgment granted thereon. No evidence was offered by the defendant after this prayer was granted, which was fatal to the plaintiff's case; no evidence on the part of the defendant was necessary. We have decided that the Circuit Court erred in giving the instruction to the jury, and have reversed the judgment. Can we give final judgment for the plaintiff? To do so would be to decide that if the Circuit Court had not erred in the law, and had refused to give the instruction asked, it might have rendered such a judgment, and denied to the defendant the privilege of offering evidence in defence. It is apparent from the bill of exceptions that there was no question of fact for the jury to determine. There was no evidence offered by the plaintiff of a notice to quit, and the instruction to the jury, that without such notice the plaintiff could not recover," was equivalent to a direction to find for the defendant on the plaintiff's proof. We have no evidence in the bill of exceptions of any rule in the Circuit Court requiring all the testimony on both sides to be offered before any prayer is made to the Court. In the absence of any such rule this Court cannot assume, that the defendant did not intend to offer any proof, in the event of his want of success in his prayer to the Court. It is a perfectly legitimate and usual practice to offer a prayer involving the right of the plaintiff to recover on the case made by him, before any proof is offered by the defendant. Even in the Courts of Baltimore City, where there has long existed a rule such as that we have spoken of, it is expressly provided that "the Court will, in its discretion, permit the defendant to submit a prayer or prayers involving the right of the plaintiff to recover, and the extent of such right." And if in such case the Court below erroneously grant the defendant's prayer,

and the judgment is reversed on appeal, it would often be doing the greatest injustice, if the Court should enter final judgment, thereby depriving the defendant of the privilege of offering any evidence; and that too, not by reason of any fault of his, but from an error committed by the Court. No precedent has been cited to authorize us to enter a final judgment in this case, and the motion therefore will be overruled, and a *procedendo* ordered, directing a new trial, The opinion of this Court, heretofore pronounced, except so far as it is modified by this, remains unaltered.

> *Motion overruled, and*
> *procedendo ordered.*

(Decided November 16th 1864.)