STATE OF MARYLAND, use of WILLIAM P. MAULSBY
*vs.* WILLIAM B. TABLER, and his sureties.

*Evidence admissible in a Suit on a Sheriff's bond—Jurisdiction
of the Circuit Court in an Action on a Sheriff's bond to enter
Judgment for a sum less than $50—Construction of sec. 13 of
Art. 51 of the Code—How Judgment should be entered in an
action on a Sheriff's bond, where the Jury find for the Plaintiff.*

In an action on a sheriff's bond to recover the amount of certain fees placed
in his hands for collection, by an attorney, the sheriff may give in evidence,
in mitigation of damages, the insolvency or non-residence of a party by
whom sundry of the fees were owing at the time they were received for
collection, and that such insolvency or non-residence continued up to the
bringing of the suit.

Where in an action on a sheriff's bond to recover the amount of fees placed
in his hands for collection, by an attorney, the jury renders a verdict in
favor of the plaintiff for $21.55, the Circuit Court has jurisdiction to enter
judgment thereon.

Sec. 13 of Art. 51, of the Code, giving to justices of the peace jurisdiction
in suits on bonds with penalty, does not embrace a sheriff's bond, or bonds
with collateral condition for the discharge of official duty; it only includes
such bonds as are conditioned for the payment of money.

Where in an action on a sheriff's bond, the jury find a certain sum due to the
plaintiff, judgment should be entered for the penalty of the bond, to be
released upon the payment of the sum so found due, and interest on the
same till paid, and costs of suit.

APPEAL from the Circuit Court for Frederick County.

This suit was brought in the name of the State on the
official bond of the appellee, Tabler, as sheriff, to recover
the amount of certain fees which had been placed in his
hands for collection by William P. Maulsby, Esq., an

attorney. A statement of the pleadings, so far as necessary for the purposes of this case, and of the exceptions, will be found in the opinion of the Court. The jury rendered a verdict in favor of the plaintiff for $21.55, and the Circuit Court, (BOWIE, J.), on the motion of the defendants, entered a judgment of *non pros.* The plaintiff appealed.

The cause was submitted to BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ALVEY, J.

*William P. Maulsby*, for the appellant.

*Francis Brengle* and *John A. Motter*, for the appellees.

STEWART, J., delivered the opinion of the Court.

The appellant brought suit upon the appellee's bond, which was conditioned for the faithful discharge of his duty as sheriff.

The declaration assigned as the breaches thereof, that there were placed in his hands for collection, between the 1st of January and 1st of May, in the year 1867, fees due to the appellant, as attorney at law, to the amount of four hundred dollars, that it was the duty of the appellee to account with and pay over to the appellant the fees, before the 1st of November, 1867; that the appellee did not account with and pay over them within the time limited by law, and has not since accounted with and paid over them to the appellant, although often requested, but that they are still due and owing, with the interest thereon.

Besides other pleas not material to the determination of the questions involved in the two exceptions taken by the appellant, the appellee, by his first amended plea, alleged that he did account with and pay over to the appellant, all fees due and owing to him which were placed in his hands, which he received or collected, or which he ought

to have collected, as required by law; and by his fifth plea alleged that he did account with and pay over the fees due and owing before the 1st of November, 1867; and by his sixth plea, that he has since the 1st of November, 1867, accounted with and paid over all the fees due and owing. These pleas traverse the breaches assigned by the appellant, and upon them issues were joined.

To sustain the issues on his part, the appellee offered evidence of the insolvency of a party, and the non-residence of another party, against whom sundry of the fees were charged at the time the appellee received them for collection; and that they so continued to the institution of the suit.

The appellant objected to the admissibility of such evidence under the pleadings.

The objection was overruled and he has excepted.

The first exception presents the question as to the admissibility of the proof of the alleged insolvency, and the second, as to the evidence of non-residence.

According to the 50th sec. of Art. 88 of the Code, it was the duty of the appellee to account with the appellant for the fees placed in his hands, on or before the 1st of November following.

Being in default for their non-payment, or failure to make returns to the appellant, in the time prescribed, he was *prima facie* liable to pay the same, collected or not. This responsibility extends to all fees which the appellee had the legal authority and ability to collect. Such is his obligation, and we do not understand the ruling in *Mantz vs. Collins*, as reported in 4 *H. & McHenry*, 65, referred to in the appellant's brief, as in conflict with this view.

The receipt by the appellee for collection of the fees, and his failure to pay or account with the appellant, as prescribed, afforded *prima facie* proof of his responsibility for the entire list of fees.

Such proof having been introduced by the appellant, the *onus* was imposed upon the appellee, to mitigate that necessary conclusion by some valid defence, if he had any.

The proof offered by him of the alleged insolvency, and non-residence of the parties, was admissible to show this legal inability to collect the fees on that account, and sufficient to excuse him; and accordingly reduce the *quantum* of the appellant's damages. See *State, use of Creecy vs. Lawson,* 2 *Gill,* 63; *State, use of Goddard vs. Baden,* 11 *Md.,* 317.

If the appellee failed in the discharge of duty, he was liable to its summary enforcement, prescribed by Art. 88, secs. 50 and 51 of the Code; or to suit on his bond; but in either case, he was only answerable for the damages actually sustained, and that was the extent of the appellant's right to recover.

If the appellant had resorted to the first remedy, and the amount due him could not be collected from the appellee in that form of proceeding, the official bond of the appellee was still answerable, and the ascertainment of the jury, of his real indebtedness, with the accrued interest and incidental costs, would be the measure of the damages recoverable thereon.

If he sued on the bond, as in this case, without first pursuing the summary remedy, the jury must find, according to Art. 75, sec. 63 of the Code, the true indebtedness; and judgment be rendered for the penalty of the bond, to be released upon the payment of the sum found due, with interest thereon until paid and costs of suit.

There was no error in the ruling of the Circuit Court in admitting the testimony in either exception; but the Court had jurisdiction upon the finding of the jury in such case, to render judgment thereon; and there was error in the rendition of the judgment of *non-pros.*

The 13th section of the 51st Art. of the Code, giving to justices of the peace, jurisdiction in suits on bonds, with

penalty, does not embrace a .bond of this sort, or bonds with collateral conditions for the discharge of official duty, but only includes such bonds as are conditioned for the payment of money. The Act of 1852, ch. 239, extended the jurisdiction of the justice of the peace to bonds conditioned for the payment of money, and we think the true construction of the provision of the Code is of like import.

The judgment below must therefore be reversed, and as there is no occasion to remand the case, judgment will be rendered by this Court for the penalty of the bond, to be released on the payment of twenty-one dollars and fifty-five cents, the sum found due by the verdict of the jury, with interest until paid, and costs.

A similar judgment will be rendered in the case, No. 31, according to the agreement of the parties in the record.

> *Judgment reversed, and*
> *judgment for appellant.*

(Decided 16th December, 1874.)