### ELLEN DRISCOLL *vs.* ANSON A. HOLT & others.

Suffolk.    November 17, 1897. — February 4, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Declaration — Amendment — Bond — Sureties — Exception — Law and Fact.*

At the trial of an action against the sureties upon a bond given to dissolve an attachment, it appeared that the plaintiff brought his original action to set aside a sale to him which he alleged to be fraudulent, and to recover back the consideration he had given for the property; that this consideration was described in the declaration as *$850 in money;* that the evidence tended to show that he gave $815 in money, and gave up and cancelled a valid claim for wages, amounting to about $68, which he had against the vendor; and that he was allowed to amend his declaration under Pub. Sts. c. 167, §§ 42, 85, by adding a count for the wages to the count for money had and received, and that no notice thereof was given to the sureties. *Held,* that the evidence well warranted the finding that the wages were a part of the cause of action relied on when the action was begun; that this finding of fact could not be reviewed; and that the fact that the cause of action as originally stated did not show quite so large a liability on the part of the defendant as that shown when it was correctly stated, did not relieve the sureties from liability for the real cause of action on which the suit was founded, to an amount not exceeding the penal sum in the bond.

CONTRACT, on a bond to dissolve an attachment dated October 17, 1893, executed by Anson A. Holt, as principal, and Amos T. White and Alonzo G. Trafton, as sureties. Trial in the Superior Court, without a jury, before *Lilley*, J., who found for the plaintiff against the sureties for the penal sum of the bond, they alone defending; and the sureties alleged exceptions. The facts appear in the opinion.

*C. R. Elder*, for the sureties.

*S. L. Whipple*, (*W. R. Sears* with him,) for the plaintiff.

KNOWLTON, J.   This is a suit against sureties upon a bond given to dissolve an attachment, and the only question in the case is whether the sureties were discharged by an amendment to the declaration in the original action made without giving them notice.

Under the Pub. Sts. c. 167, § 42, amendments may be made in civil suits at any time before final judgment, in any matter, either of form or substance, " which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or the defendant to make a legal defence."   Section 85 of the same chapter is as follows : " The cause of action shall be deemed to be the same for which the action was brought, when it is made to appear to the court that it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed ; and the adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the cause of action.   But no subsequent attaching creditor, or purchaser of property attached in the suit, or bail, or any person other than the parties to the record, shall be bound by such adjudication, unless he has had due notice of the application for leave to amend, and opportunity to be heard thereon, according to an order of notice to that effect to be issued by the court upon application of the plaintiff, and such third parties shall have the right to except or appeal."

The later decisions under these sections have done much to make clear the effect of amendments upon the rights of attaching creditors, and of sureties upon bonds given to dissolve attachments.   *Doran* v. *Cohen,* 147 Mass. 342, was a suit against such a surety, and it appeared that the declaration in the original action as at first drawn only alleged negligence of the defendant which resulted in a collision between the defendant's steamboat and the plaintiff's sailboat, whereby the sailboat was injured. An amendment was allowed without notice to the surety, by which a new count was added alleging negligence of the defendant, such " that said steamboat struck against and upon the plaintiff, and smashed the plaintiff's said sailboat, thereby causing the plaintiff to fall into the water of Boston Harbor, in which the plaintiff had to remain a long time, and where the plaintiff had to struggle hard to keep from drowning, and was put in

great fear of the loss of his life; in consequence of all which the plaintiff was damaged in body and mind, was put in great suffering, rendered unable to work for a long time, and was put to great expense." When the bond was signed, and until the allowance of the amendment, there was nothing in the writ or declaration to indicate that there was any other claim against the defendant than for an injury to the sailboat, and the surety had no notice or information that the bond subjected him to a liability for a personal injury to the plaintiff. But it was held that, although the declaration disclosed no such claim or liability, the amendment did not introduce a new cause of action, but only an additional injury growing out of the same cause of action. Chief Justice Morton, in delivering the opinion, says: "The sureties upon a bond to dissolve an attachment are not discharged by an amendment of the declaration, unless its effect is to let in a new cause of action, and thus to impose upon them a liability greater than that which they assumed by signing the bond. The original declaration may be imperfect and insufficient, but any amendment to cure such defect will not discharge a surety or release bail, unless it introduces a new cause of action." In *Townsend National Bank* v. *Jones*, 151 Mass. 454, the original declaration was upon a single draft, with a reference to a copy annexed. The draft was misdescribed in one particular, but in other respects the count was perfect. Copies of four similar drafts were annexed to the declaration. An amendment was allowed adding a count for each of the drafts, and increasing the *ad damnum*, without notice to the sureties upon the bond given to dissolve the attachment. A ruling that the defendant was released from his liability as surety was decided to be erroneous, and the evidence was held to indicate that the cause of action on which recovery was had was the same relied on by the plaintiff when the action was commenced. The section of the statute quoted above shows that the legal right of the court to allow an amendment is the same against subsequent attaching creditors and subsequent purchasers of the attached property, and bail, and sureties upon a bond given to dissolve an attachment, as it is against the defendant himself. But any adjudication in the original action is not binding against such persons unless notice is given to them and they have an oppor-

tunity to be heard, with a right of exception and appeal. Not even against the defendant can an amendment be allowed, if it introduces a new cause of action. Against these other parties, as well as against the defendant, it may be allowed if it does not introduce a new cause of action. Amendments are often allowed without very close scrutiny of the cause of action, and often by consent of parties. The adjudication of the court allowing an amendment is conclusive evidence of the identity of the cause of action, as against the defendant. The rights of third parties are sufficiently protected by the provision that they are not bound by this adjudication unless they are notified and given an opportunity to be heard. Although they are not bound by the adjudication, yet, if it appears in subsequent proceedings to determine their rights and liabilities that the adjudication was correct, the result is the same as if they had been made parties to the original suit in which a similar adjudication was made. The effect of these statutes, as interpreted by the recent decisions, is to retain the security of an attachment and of a bond given to dissolve an attachment when the judgment is for the same " cause of action relied on by the plaintiff when the action was commenced," even though the claim may at first have been so misdescribed as to appear to be smaller than it really was. Whether a similar rule applies in all cases to amendments changing parties, it is unnecessary in this case to decide. See *Tucker* v. *White*, 5 Allen, 322; *Richards* v. *Storer*, 114 Mass. 101.

The statute allows oral testimony to be received to aid in determining what was the cause of action intended to be relied on when the suit was commenced. *Mann* v. *Brewer*, 7 Allen, 202. *Wood* v. *Denny*, 7 Gray, 540. *Freeman* v. *Creech*, 112 Mass. 180. In *Mann* v. *Brewer*, Chief Justice Bigelow says of the statute: " Before its enactment, the court did not go beyond the record to ascertain whether an amendment proposed was for an additional or different cause of action from that set out in the original declaration. The question was determined by comparing the new with the old count. But the statute greatly enlarged the scope of the inquiry, by introducing the intention of the party in bringing his suit as the important element by which the court is to be governed in the exercise of the power of allowing amendments by changing the form of action or otherwise."

In the case at bar the plaintiff brought her original suit to set aside a sale to her which she alleged to be fraudulent, and to recover back the consideration which she had given for the property. This consideration was described in the declaration as $850 in money. The evidence tended to show that she gave $815 in money, and gave up and cancelled a valid claim for wages amounting to about $68, which she had against the vendor. She was allowed to amend her declaration by adding a count for the wages to her count for money had and received. The evidence well warranted the finding of the court that the wages were a part of the cause of action relied on when the suit was commenced. This finding of fact we cannot review. There is nothing in the case on which the defence can rest, except the fact that the cause of action as originally stated did not show quite so large a liability on the part of the defendant as that shown when it was correctly stated. As we have already seen, that fact does not relieve the defendants from liability for the real cause of action on which the suit was founded, to an amount not exceeding the penal sum in the bond.

*Exceptions overruled.*