WARREN BROTHERS COMPANY *vs.* KENDRICK & ROBERTS, INC., ET AL.

*Amendment of Declaration and Voucher in Attachment Not Making New Cause of Action Not a Release of Surety on Bond Dissolving Attachment—Judgment on Appeal.*

The amendment of the declaration or of the voucher in an attachment suit does not operate to discharge the surety on a bond given to dissolve the attachment unless the amendment brings in a new cause of action or imposes on the surety a greater liability than that assumed when he signed the bond. An amendment which corrects a misdescription or a formal defect in the statement of plaintiff's claim. without altering its nature or character, does not affect the liability of the surety.

Plaintiff company agreed by contracts under seal to do certain work on a warehouse building being erected by K. as contractor, and in addition thereto did other work on the building under written orders. The work under the sealed contracts was not done within the time specified, but it was afterwards accepted by K. and the warehouse owner, and thus the

sealed contracts were abandoned and the plaintiff became entitled to recover on an implied contract. Plaintiff issued an attachment against K. (a non-resident) to recover the balance due for the work done under the original contracts and under the special order. This attachment was dissolved when the defendant in this action gave its bond as surety and stipulated to discharge any judgment that might be recovered against K. in the attachment suit. The declaration or short note in that suit was in *assumpsit* on the common counts, and also stated that the purpose of the suit was to recover $7,157. owing from the defendant to the plaintiff for work done and materials furnished on a certain building under an order and accounts thereto annexed and on contracts and accounts also annexed. The voucher consisted of a statement containing the items of the accounts, the two contracts under seal for part of the work done, and the order for the extra work. The voucher allowed a credit for a payment on account, and also a credit for thirty per cent., which was to be retained until thirty days after final completion of the building. At the trial of the attachment suit against K., the plaintiff amended the declaration by striking out the special count, leaving only the common counts, and by claiming damages to the extent of $10,000. instead of the original claim of $7,157., and also amended the voucher by striking out the credit of thirty per cent. retained under the contract. Plaintiff recovered a judgment in that suit for $4,309., and then brought this action on the bond given by the defendant, who alleged that these amendments of the declaration and voucher so changed the nature of the plaintiff's claim as to release the surety. *Held,* that since the attachment suit was in *assumpsit,* the sealed contracts being merely filed as evidence of the indebtedness, and the declaration being sufficient to support the plaintiff's claim without regard to the contracts, the amendment of the declaration which struck out the special count on the contracts was not a material alteration of the plaintiff's cliam.

*Held,* further, that the increase in the amount of the plaintiff's claim by eliminating from the vouchers the thirty per cent. credit and claiming in the declaration $10,000. damages in

the place of the specific statement of an indebtedness of
$7,157., did not discharge the surety, because no new or dif-
ferent cause of action was thereby introduced, and no addi-
tional liability was imposed on the surety, but the judgment
rendered in the attachment suit was upon the identical cause
of action set forth in the declaration and voucher as they
stood at the time of the delivery of the bond.

When an appeal from a judgment, where the issue was deter-
mined by the Court, the judgment is reversed, this Court
may enter such judgment as should have been entered below.

*Decided June 22nd, 1910.*

Appeal from the Superior Court of Baltimore City
(ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS and URNER, JJ.

*Thomas G. Hayes,* for the appellant.

*Charles F. Harley,* for the appellees.

URNER, J., delivered the opinion of the Court.

This is a suit on a bond given to dissolve an attachment
against a non-resident debtor, and the question is whether,
in the trial of the short note case, resulting in a judgment
for the attaching creditor, there was such a material change,
by amendment, of the cause of action as to release the appel-
lee as the surety on the bond.

The declaration in the present action alleges in substnce
that the defendants, the principal and surety, executed the
bond in question obligating them to pay to the plaintiff, the
appellant here, the sum of $14,315.06 and conditioned for
the payment by the principal of any judgment that should
be recovered against it in the attachment proceeding; that
judgment for the sum of $4,309.41, with interest and costs,

was obtained against the principal in the case in which the bond was filed; that demand was repeatedly made upon the defendants without avail for the payment of the judgment; and that thereby a right of action upon the bond accrued to the plaintiff. Issue was joined upon a plea and traverse of *nul tiel record* and was tried by the Court below upon an inspection of the record to which the pleadings referred. The question we have already indicated was thus presented and was determined adversely to the plaintiff. This finding forms the subject of the only bill of exceptions taken at the trial, and the issue being exclusively for the Court it is properly before us for review. *Poe's Practice,* sec. 603; *Le Strange* v. *State,* 58 Md. 26; *McKnew* v. *Duvall,* 45 Md. 501.

It appears from the record of the attachment proceedings incorporated in the bill of exceptions that the appellant company was a sub-contractor for portions of the construction of a warehouse for Johns Hopkins Hospital in Baltimore City, and that Kendrick and Roberts, a foreign corporation, was the contractor for the entire building. While the work to be done by the appellant was not completed within the time prescribed by the sub-contracts, it was accepted by the principal contractor and the owner. The attachment suit was brought to recover the balance due the appellant for the labor and materials covered by its sub-contracts and also for extra service rendered under a special order. In the affidavit upon which the attachment was based an indebtedness of $7,157.53 was stated, and there was a certification as to the production of "the contracts, order and accounts on and by which" the defendants were alleged to be so indebted. The short note was in assumpsit. It recited the purpose of the suit to be the recovery of $7,157.53 "due and owing from the defendant to the plaintiff for work and labor done and materials furnished for the defendant by the plaintiff on a certain building constructed in Baltimore City and owned by the Johns Hopkins Hospital, on the order hereunto an-

nexed marked "A" and made a part of this declaration as per accounts hereunto annexed marked "C;" and for work and labor done and materials furnished for the defendant by the plaintiff "on the same building" on the contracts hereunto annexed and marked "B" and made a part of this declaration as per account annexed and marked "D." It also declared on the common counts.

The voucher consisted of a statement summarizing the entire account, together with a number of itemized bills whose totals were included in the summary, an order for the extra work and materials, and two contracts under seal between the plaintiff company and Kendrick and Roberts under which the principal part of the plaintiff's work was performed. It appears that the amounts stipulated by the two sub-contracts aggregated $6,685.00. This had been reduced to $4,596.21 by a partial payment, and a further credit was given for thirty per cent. which was to be retained under the contracts until thirty days after the final completion of the building. The amount claimed for the contract work was thus reduced to $3,217.35, while the bills for extra labor and materials aggregated $3,940.18.

The attachment was laid in the hands of the Johns Hopkins Hospital and others and impounded funds sufficient to secure the appellant's claim. It was dissolved and the funds released by virtue of the bond executed by the appellee company as surety for the amount and upon the condition already stated.

The defendant filed the general issue pleas to the declaration in the assumpsit case and also a plea denying the plaintiff's incorporation. Subsequently the plaintiff, by leave of Court, amended the declaration by substituting for it the common counts alone with an *ad damnum* clause for $10,000. A motion by the defendant to strike out the amended declaration was overruled, and the case was finally brought to issue on the pleas of *non assumpsit* and *nil debet*.

During the progress of the trial of the assumpsit case connected with the attachment suit, an agreement was reached by the parties that the amount due the plaintiff under his bill of particulars as originally filed, independently of the final payment of thirty per cent. was $2,986.29; but the right of the plaintiff to recover any part of this final payment was disputed. The plaintiff thereupon, by leave of the Court, granted over the defendant's objection, amended the voucher by striking out the credit of thirty per cent. "retained as per contract," and proved that the amount actually due on account of the final payment was $1,323.12. A verdict was subsequently rendered and judgment entered in favor of the plaintiff for $4,309.41, being the aggregate of the amount last shown to be due and that conceded by the defendant. This judgment was affirmed on appeal in *Kendrick and Roberts* v. *Warren Bros.*, 110 Md. 47.

It is because of the amendments of the declaration and voucher to which we have referred that the appellee seeks to be discharged from all liability on the bond which it executed and which accomplished the release from the appellant's attachment of funds sufficient to pay its claim in full.

The appellee's contention, specifically stated, is that the effect of the amendments was to change the nature of the appellant's claim and enlarge its amount,—to convert an action on contracts under seal into one in implied assumpsit for a larger demand,—and that this constituted such a material alteration of the case upon which its obligation was predicated as to release it from responsibility for the judgment in which the suit resulted.

Before discussing the law applicable to the case it is desirable to determine just to what extent the cause of action in the attachment suit was altered by the amendments in question.

In *Kendrick and Roberts* v. *Warren Bros., supra,* it was expressly decided that the suit connected with the attachment was in assumpsit and not on the sealed contracts and

the action of the lower Court in permitting an amendment
of the voucher by striking out the thirty per cent. credit and
the introduction of evidence to show the amounts due for
work performed and accepted as represented by that credit
was sustained. It was held that the action was properly in
assumpsit, the work covenanted to be done not having been
finished within the specified time, but the defendant having
permitted it to be completed and having accepted its bene-
fits, thereby impliedly agreeing to pay what the labor and
materials were reasonably worth. It is true that this deci-
sion dealt with the case after the amendment which reduced
the short note to the common counts only was made, but it
is clear that the same observations would apply to the decla-
ration in its original form. The only ground for the sug-
gestion that the suit was then based on the contracts under
seal is the fact that they were annexed to the declaration
and made a part of it by reference. It is apparent, however,
that the suit was brought not for a breach of any of the con-
tracts contained in the sealed instruments but for the value
of work done and materials furnished partly on a special
order and partly on the contracts. The declaration when
first filed contained the common counts, and the special
order for the extra work to which it refers was not under
seal. To this extent the suit was unquestionably in as-
sumpsit, and the short note was broad enough to support the
whole of the plaintiff's claim regardless of the allusion to the
contracts. Under these circumstances we are not willing to
rule that an amendment which left intact a feature of the
declaration which was sufficient to sustain the original cause
of action constituted a material alteration of the suit for the
purposes of this case.

The short note as amended, however, contained a claim
for $10,000 as damages in lieu of the specific statement in
the first instance of an indebtedness of $7,157.53. It is in-
sisted that this was such a substantial increase of the claim
with reference to which the indemnity bond was filed as to

discharge the surety. The elimination of the thirty per cent. credit, by the amendment of the voucher, also had the effect of enlarging the claim in suit. In these two respects, therefore, the proceeding to which the bond related was undoubtedly modified, and we have only to determine whether the changes were sufficient as a matter of law to release the appellee as surety from liability.

The general rule, as stated in *Doran* v. *Cohen,* 147 Mass. 342, is that "sureties upon a bond to dissolve an attachment are not discharged by an amendment of the declaration, unless its effect is to let in a new cause of action, and thus to impose upon them a liability greater than that which they assume by signing the bond."

In the application of this rule to a case where the *ad damnum* clause had been increased by amendment it was said in *Townsend National Bank* v. *Jones,* 151 Mass. 454: "Nor is the surety discharged by a mere change in the *ad damnum* named in the writ. The liability of the surety is for the penal sum in the bond, with interest * * * So long as no new cause of action has been been introduced, his rights have not been affected * * * If a different and additional cause of action had been introduced into the plaintiff's writ, whether the *ad damnum* had been increased or not, the defendant would have ground of objection, unless it could be clearly shown that the plaintiff had recovered only on the original cause of action * * * Unless it is shown that the surety has been, or may have been, injured by the increase of the *ad damnum,* there is no reason why he should be released from his responsibility."

The same principle was applied in *Driscoll* v. *Holt,* 170 Mass. 262, where the original suit was brought to recover the consideration of a sale alleged to have been fraudulent. The consideration was stated in the declaration as $850.00 in money, while the evidence tended to show that the plaintiff gave $815.00 in money and relinquished a valid claim for wages against the vendor amounting to about $68.00. A

new count setting up the claim for wages was allowed to be added to the declaration. It was held that this was embraced in the original cause of action, and the Court observed: "There is nothing in the case on which the defense can rest except the fact that the cause of action as originally stated did not show quite so large a liability on the part of the de-- fendant as that shown when it was correctly stated. As we have already seen, that fact does not relieve the defendants from liability for the real cause of action on which the suit was founded, to an amount not exceeding the penal sum in the bond."

In *Morton* v. *Shaw*, 190 Mass. 554, it was held that if the effect of amendments was "merely to put in proper form the statement of the cause of action upon which the action was brought, they are binding upon the sureties, even though they greatly change the form of the statement of the claim, or greatly enlarge the amount claimed according to the language of the original declaration." The contract in that case upon which the attachment depended was for the sale of forty thousand sides of leather. It was averred in the declaration as it stood at the time of the filing of the dissolution bond, that the defendant delivered 28,538 sides of leather and neglected and refused to deliver the remaining 11,462. The plaintiff was permitted to amend this statement by alleging, as was the real fact, that 11,462 sides had been delivered and that the breach of contract had occurred as to the remaining 28,538 sides. "Such changes," said the Court, "do not introduce a new cause of action. They merely put the pleadings in form properly to present to the Court the original cause of action for which the action was brought."

The effect of an amendment making new parties upon the liability of sureties in cases like the present was considered, by this Court in *Furness* v. *Reid,* 63 Md. 1. There the original action was in the name of certain persons as a partner-

ship to recover freight claimed to be due them as owners of a steamship. At the trial, on motion of the plaintiffs, and against the objection of the defendants, sixteen other persons were made co-plaintiffs. The Court said: "The judgment for the non-payment of which this suit is brought is not one rendered in favor of the original plaintiffs * * * , but one rendered under an amended state of the pleadings, by which all the part owners of the ship are made plaintiffs, all of whom had an interest in the freight, to recover which the attachment was issued * * * As the suit was originally brought, the plaintiffs * * * could not have recovered at all, because it is well settled that where the contract is joint, either by agreement or by implication, * * * they must sue together." It was accordingly ruled that "the nature and character of the cause of action was in itself changed," and that the sureties were consequently released.

The reason of the rule applied in the varying circumstances of the cases to which we have referred is perfectly obvious and just It is that a surety whose obligation discharges from an attachment the assets of the debtor upon which the attaching creditor could securely rely, ought not to be exempted from liability unless the situation with reference to which he contracted has been essentially changed without his consent. Having made himself responsible for *"any judgment"* recovered against his principal in the attachment proceeding, it would be unduly restricting his agreement to permit him to plead successfully an amendment that did not alter the "nature and character" of the original claim.

In the present case it is perfectly plain upon the record in the attachment suit that the judgment finally rendered was upon the identical cause of action set forth in the short note and vouchers as they stood at the time of the execution of the bond. While one credit was stricken out, others were admitted in the course of the trial, and the amount of the recovery

was considerably less than the claim for which the suit was brought. In view of these conditions, we are unable to see any prejudice to the appellee that would justify us in exonerating it from the formal obligation into which it entered for the appellant's protection.

The cases cited by the appellee are not at all in conflict with the controlling principle of those we have discussed. Special reliance was placed upon the case of *Prince* v. *Clark,* 127 Mass. 599. That case was distinguished in *Morton* v. *Shaw, supra,* from the decisions applying the doctrine upon which we are satisfied to rest our present determination, and it was held not to affect the law as stated in the other cases to which we have referred, because "the amendment changed the cause of action so as to enable the plaintiff to recover for that which he did not intend to include when he brought his action, but introduced later, through the amendment, in order to relieve himself of the consequences of a mistake in another case, made after his writ was entered."

Our conclusion, therefore, is that the learned Court below was in error in finding for the defendant upon the issue of *nul tiel record,* and that upon this issue the plaintiff was entitled to recover and to have judgment entered in its favor against the defendants for the penalty of the bond to be released upon payment of the amount of the judgment in the short note case, with interest and costs. *Code,* Art. 75, sec. 96; *State* v. *Tabler,* 41 Md. 236.

In the view we have taken of the case it will be unnecessary to consider separately the action of the Court below upon the plaintiff's demurrer to additional pleas filed by the defendant, relying more specifically than in the first plea of *nul tiel record* upon the alleged alterations of the cause of action in the attachment suit.

This being an issue for the Court, we will, in reversing the judgment rendered below, enter judgment in accordance with

our decision. *Poe's Practice*, sec. 838; *Howard* v. *Carpenter*. 22 Md. 257; *State* v. *Tabler, supra.*

> *Judgment reversed and judgment in favor of the appellant against the appellee for the sum of $14,315.06, with costs of suit above and below, to be released upon the payment of the sum of $4,875.23 and interest from the date of this judgment (being the sum of $4,309.41, with interest thereon from April 14th, 1908), and the costs above and below in the assumpsit action and the present case.*