JOSEPH ARONOW *vs.* ISRAEL GOLD & another.

Suffolk. November 14, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Bond,* To dissolve attachment. *Surety. Practice, Civil,* Amendment.

The original declaration, in an action in which a bond to dissolve an attachment was given, was for recovery of a balance due under a contract in writing between the plaintiff and the defendant for the installation of certain fixtures in a building, the plaintiff alleging full

performance of the contract by him.  It having appeared at the trial that the defendant had given the plaintiff a promissory note for a part of the balance claimed, the plaintiff was permitted to amend the declaration by crediting the defendant with the amount of the note and by adding a second count upon the note.  Subsequently he was allowed to amend the declaration again by adding a third count upon an account annexed for the same balance as claimed in the original declaration and for the same labor and materials specified therein.  Each amendment was allowed without notice to the surety on the bond.    The plaintiff subsequently waived the original count, as amended, and the second count, and the action went to the jury upon the third count only.  Following a verdict and judgment for the plaintiff, he brought an action against the surety on the bond, in which it was *held,* that

(1) The claim set forth in the third count of the declaration in the first action did not differ in substance from the claim set forth in the original declaration, so that the second amendment, adding the third count, did not subject the surety to a greater burden than that which he assumed in executing the bond;

(2) The momentary change wrought by the first amendment was, in view of the plaintiff's waiver, of no consequence with respect to the surety;

(3) The failure to give the surety notice of the amendments imposed no hardship on him which relieved him of responsibility on the bond.

CONTRACT against the sureties on a bond given to dissolve an attachment in a previous action by the plaintiff against one Doodlesack.  Writ in the Municipal Court of the City of Boston dated April 15, 1930.

Upon removal to the Superior Court, the action was heard without a jury by *Donahue, J.*  It appeared that the plaintiff's pleadings in the action of Aronow *v.* Doodlesack were as follows: The original declaration contained two counts.  The plaintiff alleged in the first count that he had entered into a contract in writing with the defendant for the installation of plumbing and heating materials at 9 and 22 Colburn Crescent, and 91 Winthrop Road, Brookline, and that he had performed his part of the contract in full; and sought to recover an unpaid balance of $1,500.  The second count was upon an account annexed for labor and materials furnished to the defendant at 9 and 11 Lawrence Road, Brookline, whereby the plaintiff sought to recover $900.  It having appeared during the trial of the action against Doodlesack that he had given the plaintiff a prom-

issory note for $800 on account of the balance alleged to be due under the contract in writing, the plaintiff was allowed to amend the declaration, as to count 1, by crediting the defendant with $800, leaving a balance of $700 alleged to be due; and by adding a count 3 upon the promissory note. At the close of the evidence at that trial, the plaintiff further was allowed to amend the declaration by adding a count 4 upon an account annexed for a balance due of $1,500, for the same labor and materials specified in the original count 1. Subsequently the plaintiff waived counts 1 and 3 of the declaration, so that the action was presented to the jury upon counts 2 and 4. Each amendment by the plaintiff was allowed without notice to the sureties on the attachment bond, the present defendants.

The judge in the action on the bond found and ruled "that no new cause of action was added by the amendment which added the fourth count, that the matter set forth in that count relates to the same transaction as that described in the first count and that no greater liability was imposed on the sureties by the addition of count four than they assumed on signing the bond"; and found for the plaintiff in the sum of $1,696.05. He took no action on a motion by the defendants for a finding in their favor, nor upon certain requests for rulings by them. They alleged exceptions.

*J. H. Cinamon*, for the defendants.

*M. Jacobs*, for the plaintiff, submitted a brief.

WAIT, J. The defendants are sureties upon a bond given to dissolve an attachment made in an action brought by Joseph Aronow against one Hyman Doodlesack, the principal in the bond. They contend that they were discharged of liability when, without notice to them, certain amendments to the declaration filed in the suit of Aronow *v.* Doodlesack were made and allowed.

G. L. c. 231, § 51, provides that the court "at any time before final judgment, except as otherwise provided, . . . may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for

the cause for which it was intended to be brought, or enable the defendant to make a legal defence." Section 138 of the same chapter provides that "no . . . bail or any person other than the parties to the record shall be bound by such allowance unless he has had due notice of the application for leave to amend and opportunity to be heard thereon." A long line of decisions has established that the effect of these statutes is to retain the security of an attachment and of a bond given to dissolve an attachment when the judgment is for the same " cause of action relied on by the plaintiff when the action was commenced," even though the claim may at first have been misdescribed. *Driscoll* v. *Holt,* 170 Mass. 262, 265. Lack of notice to the surety does not put an end to his responsibility if the amendment does not subject him to a different burden from the one he undertook when he executed the bond. That burden was to meet the judgment for the cause for which the action was brought. A change of parties may affect his liability. We cite only a few of the many cases. *Tucker* v. *White,* 5 Allen, 322. *Driscoll* v. *Holt, supra. Morton* v. *Shaw,* 190 Mass. 554. *Salvin* v. *Sidman,* 230 Mass. 278. *Savage* v. *Welch,* 246 Mass. 170, 178 *et seq.*

In the case before us the causes of action for which the two counts of the declaration sought recovery were the failure to pay the balance·due for plumbing and heating materials supplied for and labor upon certain buildings; and for labor and materials for remodelling the heating and plumbing equipment in certain other buildings. No contention is made that the second count has been affected by amendment. At the trial a change in statement was thought desirable from a demand for a balance of $1,500 due under a written contract, modified in certain respects by agreement, and alleged to be fully performed by the plaintiff, to a demand on *quantum meruit* for work and materials furnished in rendering the identical service. Further it appeared that a note for $800 had been given on account of the $1,500. An amendment to the first count was made giving credit for that amount on the balance, and

a new count upon the note was added. Later, this new count and the first count as amended were waived. The case rested finally upon the original second count and the count on *quantum meruit* added by amendment. Thus in no way was anything sought in the pleadings which had not been claimed in substance in the unamended pleadings. Whether splitting the balance of $1,500 cash originally claimed into $700 cash and an unpaid note for $800 given on account of that balance introduced a new cause of action need not be considered. The amendment was made during the progress of the trial and was waived before the trial ended. Such momentary change ought not, we think, to be given the serious consequence of discharging sureties actually not affected by it.

Lack of notice of the allowance of the amendments imposed no hardship upon the sureties. Their initial liability was not affected to their detriment by the amendments.

*Exceptions overruled.*