**STANLEY TRADING CO., Inc. v. BENSDORP, Inc.**
**Civ. A. No. 8261.**

United States District Court
D. Massachusetts.

June 22, 1950.

Foster E. Allison, Edward H. Bennett, Jr., Sullivan & Worcester, all of Boston, Mass., for plaintiff.

Bingham, Dana & Gould, Sherin & Lodgen, Ropes, Gray, Best, Coolidge & Rugg,

912

John I. Packer, William J. Day, Joseph S. Finstein, Boston, Mass., for defendant.

FORD, District Judge.

On April 1, 1949, the plaintiff brought a complaint seeking to recover against the defendant for breach of its alleged written contract with plaintiff whereby plaintiff was appointed defendant's exclusive sales agent in most of the United States for products (fancy chocolates and candies, bar chocolates, imported cocoa and coating) sold or manufactured by defendant. A similar cause of action between the parties had already been commenced in the Supreme Court of the State of New York, County of New York, and in that suit on March 21, 1950 the plaintiff recovered a judgment of $31,429.76.[1]

On May 15, 1950, in this court, an amendment was allowed to the original complaint brought in this court to include a cause of action based on the New York judgment.

Plaintiff now moves for summary judgment in the sum of $31,429.76 based on the New York judgment.

It appears that the defendant has appealed from the New York judgment but failed to give security as required by the New York Civil Practice Act, §§ 593, 594, 615. For this failure under New York law, the judgment was not stayed nor vacated and the judgment in the New York court is final.

The contention of the defendant is that the judgment rendered in the New York Supreme Court makes the issues in the present suit res adjudicata. There is no merit in the contention. The defendant misinterprets the present suit. It is not a suit on the original cause of action; it is a suit on a judgment.

Since the judgment in New York was a final judgment and is now in full force, a suit can be maintained on the judgment in the Massachusetts courts and this court, the required jurisdictional facts being present as they are here. Faber v. Hovey, 117 Mass. 107, 19 Am.Dec. 398.

Plaintiff's motion for summary judgment is allowed.

1. No opinion for publication.