## STANLEY TRADING CO., Inc. v. BENSDORP, Inc.

### Civ. No. 8261.

United States District Court
D. Massachusetts.

Nov. 7, 1950.

Foster E. Allison, Edward H. Bennett, Jr., and Sullivan & Worcester, all of Boston, Mass., for plaintiff.

Bingham, Dana & Gould, Boston, Mass., for First Nat. Bank of Boston.

Sherin & Lodgen, Boston, Mass., for Stop & Shop, Inc.

Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for Quincy Market Cold Storage & Warehouse Co.

Walter F. Coleman, and John I. Packer, all of Boston, Mass., for defendant Bensdorp.

William J. Day, Boston, Mass., for First Nat. Stores, Inc.

S. S. Pierce Co., Boston, Mass., trustee, pro se.

Joseph S. Finstein, Boston, Mass., for Great Atlantic & Pacific Tea Co.

FORD, District Judge.

This action was originally brought in this court for breach of contract. A similar action between the same parties had been begun in the courts of New York in which plaintiff recovered judgment. Plaintiff was then allowed to amend its complaint in this court, by adding a second count based on the New York judgment. Plaintiff's motion for summary judgment on this second count was allowed. Stanley Trading Company, Inc. v. Bensdorp, Inc., D.C., 91 F.Supp. 911. Thereafter, the first count of the complaint and defendant's counterclaim, which had also been asserted in the New York action, were dismissed on the ground that they had been merged in the New York judgement. Judgment for plaintiff on the second count was later vacated to allow determination of the question presented by the present motion which had not previously been brought to the notice of the court.

At the time this action was originally brought, and before the count on the New York judgment was added, plaintiff perfected attachments of certain goods or moneys of defendant in the possession of certain trustees under the Massachusetts statutory trustee process. Mass.G.L.(Ter. Ed.) ch. 246. Plaintiff now moves that the trustees who were thus served be now adjudged and charged as trustees of the plaintiff in this action. Defendant opposes the motions and moves to dismiss the attachments on the ground that the effect of the amendment to the original complaint was to dissolve the attachments and that the only matter now before the court is the cause of action contained in the second count as to which the trustees have never been served with process.

The effect of the amendment to the complaint is to be determined in accordance with the law of Massachusetts. Rule 64, Fed. Rules Civ.Proc. 28 U.S.C.A. Under the Massachusetts cases, it is clear that such an amendment as was made here would not operate to dissolve the attachments, even if such a dissolution would be the result of an amendment setting up an entirely new cause of action. The Massachusetts courts have held that the surety on a bond given to dissolve an attachment is not relieved of liability by an amendment even though it was made without notice to him, when the effect of the amendment is not to introduce a new cause of action. Driscoll v. Holt, 170 Mass. 262, 49 N.E. 309; Aronow v. Gold, 274 Mass. 65, 174 N.E. 267, 74 A.L.R. 910. Where the declaration in an action in a Massachusetts court was amended by adding a count on a judgment obtained in the court of another state and based on the same cause of action set forth in the original declaration in Massachusetts, it was held that the amendment was proper, since the count on the judgment was really for the same cause for which the action was originally brought. H. C. Miner Litho. Co. v. Wagner, 177 Mass. 404, 58 N.E. 1020. Thus, although there is a technical distinction between an original cause of action and a judgment to which it has been reduced, the Massachusetts courts recognize that the claim is substantially the same before and after judgment. Standard Oil Co. of New York v. Y–D Supplies Co., 288 Mass. 453, 456, 193 N.E. 66. Plaintiff's second count does not, therefore, set forth an entirely different cause of action arising after the date of the original complaint and of the attachments, but merely states what is substantially the same claim, though in a technically different form. Al-

504

though the original count has been dismissed, the same claim is still before the court, and the attachments have not been dissolved.

Motions to charge trustees are allowed; motion to dismiss the attachments denied.