[No. 4,108.]

### HARRY H. HENSLEY *v.* JAMES H. MORGAN.

DISSOLUTION OF ATTACHMENT LIEN.—The death of a defendant after the levy of an attachment upon his property, and before judgment, dissolves the lien of the attachment. (*Myers* v. *Mott,* 29 Cal. 367, affirmed.)

APPEAL from the District Court of the Twelfth Judicial District, Santa Clara County.

The action was brought against W. H. Gill on a promissory note, and an attachment was levied upon his personal property. Subsequently, and before judgment, Gill died, and his administrator, the defendant Morgan, was substituted as

defendant in the action. A supplemental complaint was filed, in which it was alleged that the Sheriff, when he served the attachment, levied on and took into his possession a large amount of personal property; and that, after the death of the defendant, the Sheriff had, without the consent of the plaintiff, delivered the property to the administrator, and that the claim sued on had been allowed by the administrator, and that the lien of the attachment still subsisted, and the administrator held the property as bailee, and asking that the lien be enforced. The defendant demurred on the ground that the claim arising on the note sued upon had been presented and allowed as a valid claim against the estate, and that the lien claimed by the plaintiff under the attachment had been dissolved by the death of Gill. The demurrer was sustained, judgment passed for the defendant, and the plaintiff appealed.

*Houghton & Reynolds,* for Appellant, argued that at the death of Gill the plaintiff had a valid and subsisting lien upon the property attached, which should stand as security for any judgment that might be recovered in the action. (Prac. Act, section 120 *et seq.*) They cited the dissenting opinions in *Myers* v. *Mott,* 29 Cal. 370–385, and the authorities there referred to, and asked the Court to overrule the majority opinion, contending that, from the nature of the questions involved, no contracts could have been made or rights acquired upon the authority of that opinion.

*Silent & Herrington,* and *F. E. Spencer,* for Respondent, relied upon the prevailing opinion in *Myers* v. *Mott, supra.*


By the COURT.

The judgment in this case is affirmed on the authority of *Myers* v. *Mott,* 29 Cal. 367.

Remittitur forthwith.