[No. 4131.]

ISAAC G. HAM, ADMINISTRATOR OF THE ESTATE OF ENOCH STURGEON, DECEASED, *v.* THOMAS CUNNINGHAM.

DISSOLUTION OF AN ATTACHMENT.—If, after an attachment is levied on property, the defendant dies, and the case is such that an execution cannot legally be issued after his death, the lien of the attachment ceases, and it is dissolved.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

James M. Henderson brought an action against Enoch Sturgeon on the 9th day of August, 1872, and on the 26th day of August, 1872, recovered judgment by default for three thousand four hundred and sixteen dollars and costs. On the 2d day of September, 1872, Sturgeon died intestate. The plaintiff received letters of administration on his estate on the 6th day of November, 1872. On the 26th day of August, 1872, an execution was signed by the clerk, and attested by his seal, but it was not delivered to the sheriff until the 25th of September following. The sheriff, by virtue of the execution, on the 26th of September, levied on a part of the property which had been attached, and which consisted of barley, and a wagon, and stock, and sold the same on the 2d of October. On the 2d of October, the sheriff, by virtue of the execution, levied on the remainder of the attached property, and sold the same on the 8th of October. The administrator brought this action to recover the property, and damages for its detention. The plaintiff had judgment and the defendant appealed.

The other facts are stated in the opinion.

*Byers & Elliott*, for the Appellant.

*W. S. Buckley and F. T. Baldwin*, for the Respondent.

On the death of any party in this State, whatever property he has, immediately vests, by operation of law, subject to the lien of the administrator for the payment of debts, in the heirs of such party deceased. (Hittell's Digest, Sec.

2329; *Beckett* v. *Selover*, 7 Cal. 238; *Bufford* v. *Hollman*, 10 Tex. 564; *Updegraff* v. *Trask*. 18 Cal. 459; *Meeks* v. *Hahn*, 20 Cal. 627.)

Now, conceding that the property of an intestate at death vests absolutely in the heirs, then it follows that such heir or heirs can only be divested in the manner provided by law, and the Probate Act prescribes the manner in section 148: "No sale of any property of an estate of a deceased person shall be valid unless made under order of the Probate Court, except as otherwise provided in this and other acts."

One of the exceptions above alluded to, is found in section 141, which provides that "if an execution has been actually levied upon the property of deceased, the same may be sold," etc.; the word *actually* is used to qualify the levy spoken of, and no doubt was intended to exclude all constructive levies.

By the COURT:

The judgment against Sturgeon for the recovery of money was rendered August 23, 1872, and he departed this life on the second day of September following.

No execution on the judgment was issued during the lifetime of Sturgeon, and under the two hundred and fifteenth section of the former practice act, an execution upon a judgment of this character could not be issued after his death. Inasmuch as by reason of his death no execution could be legally issued upon the judgment rendered against him, the attachment, therefore, issued in the action became inoperative.

This was held in the case of *Myres* v. *Mott* (29 Cal. 367), in which we said, in substance, that whenever by reason of the death of the defendant the case became such that an execution could not be legally issued, the attachment-lien must of necessity cease.

Judgment affirmed.