ANDREW MORTON *vs.* BRACKLEY SHAW & another.

Suffolk.   January 8, 1906. — March 1, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Surety. Bond. Practice, Civil,* Amendment.

Under R. L. c. 173, §§ 48, 121, a surety on a bond to dissolve an attachment is not discharged from liability by an amendment to the declaration in the action against his principal in which the attachment was made, although the amendment was allowed without notice to him, if its only effect was to put into proper form the statement of the cause of action for which the action was intended to be brought.

An amendment to a declaration on a memorandum as a contract in writing changing it into a declaration on an oral contract of which the writing is a memorandum does not so change the original cause of action as to discharge the sureties upon the defendant's bond to dissolve an attachment.

CONTRACT against Brackley Shaw and Walter S. Keene, the sureties on a bond to dissolve an attachment given in the case of *Morton* v. *Clark,* reported in 181 Mass. 134 and 184 Mass. 555. Writ in the Supreme Judicial Court dated March 9, 1904.

The defendant Keene suggested to the court his discharge in

bankruptcy and moved that the action be discontinued as against him.    By agreement of the plaintiff this motion was allowed by *Hammond*, J.

The case was presented to the full court under R. L. c. 156, § 6, upon a case stated, the substance of which appears in the opinion.

*R. M. Morse*, ( *W. P. Everts* with him,) for the plaintiff.

*E. G. Loomis*, ( *T. J. Kenny* with him,) for the defendant Shaw.

KNOWLTON, C. J.    This is an action on a bond to dissolve an attachment.    The condition of the bond is that " the defendants shall pay to the plaintiff in said action the amount, if any, which he shall recover therein," etc.    Judgment has been recovered, and the sureties set up, as their only defence, that they have been discharged from liability by an amendment of the declaration in the original action.

The law applicable to their contention has been fully considered and settled in recent cases.    *Driscoll* v. *Holt*, 170 Mass. 262.    *Doran* v. *Cohen*, 147 Mass. 342.    *Townsend National Bank* v. *Jones*, 151 Mass. 454.    *Norris* v. *Anderson*, 181 Mass. 308.    *Diettrich* v. *Wolffsohn*, 136 Mass. 335.    In the first of these cases the discussion is so full, and covers this case so clearly, that it seems superfluous to add anything.    The statute is R. L. c. 173, § 121.    As the amendments were allowed without notice to sureties, it is open to them to contest the effect of the amendments.    But if their effect was merely to put in proper form the statement of the cause of action upon which the action was brought, they are binding upon the sureties, even though they greatly change the form of statement of the claim, or greatly enlarge the amount claimed according to the language of the original declaration.

In the present case the recovery was on the second amended count.    That differs from the original declaration in two particulars.    The original states the claim as founded upon a written contract for the sale of goods.    In the opinion (*Morton* v. *Clark*, 181 Mass. 134) the court said: " The plaintiff declared on the memorandum as a contract in writing, and not on an oral contract of which the writing is a memorandum. . . . If the declaration had been upon an oral contract . . . and had treated the writing as a mere memorandum not intended as a formal

contract, . . . different questions would have arisen which we need not now consider," etc. The amendment to the declaration corrected this error in the pleading.

There was another error in the declaration which was entirely clerical. The contract was for the sale of four thousand sides of leather, and the declaration averred that the defendant delivered 28,538 sides of leather, and neglected and refused to deliver the remaining 11,462 sides of leather. The fact was that 11,462 sides had been delivered, and the defendants had neglected and refused to deliver the remaining 28,538 sides. This mistake of statement was corrected in the amended declaration.

Such changes as these do not introduce a new cause of action. They merely put the pleadings in form properly to present to the court the original cause of action for which the action was brought.

The substance of the decision in *Prince* v. *Clark*, 127 Mass. 599, is that the amendment changed the cause of action, so as to enable the plaintiff to recover for that which he did not intend to include when he brought his action, but introduced later, through the amendment, in order to relieve himself of the consequences of a mistake in another case, made after his writ was entered. Although the amendment was binding on the defendants in the action in which it was made, it ought not to have been allowed. This decision does not affect the law as stated in the other cases above cited.

*Judgment for the plaintiff.*