[Civ. No. 6135. First Appellate District, Division Two.—January 24, 1928.]

WESTERN LITHOGRAPH COMPANY (a Corporation), Respondent, v. VANOMAR PRODUCERS (a Corporation) et al., Appellants.

Frank Bryant for Appellants.

E. A. Lane for Respondent.

WELCH, J., *pro tem.*—Action on an undertaking given to release an attachment on personal property.

On the seventh day of May, 1919, respondent commenced an action in the superior court in Los Angeles County to recover against the defendant the sum of $9,525.70 for labels, stationery, and merchandise sold and delivered by respondent to the defendant. On the same day a writ of attachment was issued out of said court and action. The sheriff of the county, pursuant to said writ, levied on the property of the defendant on said May 7th. On the next day the undertaking herein involved was given for the release of the property. The sheriff thereupon on May 8th released the property from attachment. On the next day, May 9th, he filed with the county clerk the writ with a certificate of his proceedings on attachment. No other proceedings were filed in the original suit until August 11, 1919, when the plaintiff therein, respondent herein, filed an amended complaint, without the knowledge or consent of the defendant or of the appellants. After various proceed-

ings had, which are unnecessary to be recited here, a judgment was obtained on June 13, 1922, in favor of the respondent and against the defendant for the sum of $9,335 and costs.

A writ of execution was issued upon said judgment and placed in the hands of the sheriff for levy. Said execution was returned by the sheriff wholly unsatisfied. Demand for payment of said judgment was thereupon duly made upon the judgment debtor and also upon the sureties on the undertaking, which demand in each case was refused.

This action upon the undertaking resulted in a judgment against the principal and sureties from which the sureties appealed on the judgment-roll and on a stipulation of facts of the parties.

In the court below and here appellants made and make three defenses to the cause of action against them on the undertaking:

1. That by amending its complaint without the knowledge or consent of the sureties the plaintiff and respondent thereupon altered the obligation of the sureties in such respect as to release them from obligation on their undertaking.

2. That the undertaking so given was not in form a compliance with statutory requirements.

3. That the sheriff had no authority to accept the undertaking and release the property without an order of the court.

These contentions will be taken up in the order made.

■ 1. What was appellants' contract of surety? They recited in their undertaking that plaintiff had begun an action against the defendant Vanomar Producers, claiming that there was due plaintiff the sum of $9,525.70 or thereabouts; that an attachment had been issued against the property of the defendant as security for the satisfaction of any judgment which might be recovered therein; that certain property and effects of the defendant had been attached by the sheriff under and by virtue of said writ, and that the defendant was desirous of having said property released from attachment.

The obligation of the bond is to the effect that appellants "in consideration of the premises and also in consideration of the release from attachment of the property so at-

tached . . . do hereby jointly and severally undertake in the sum of eleven thousand five hundred and no/100 ($11,500.00) dollars, and promise that in case the plaintiff recover judgment in the action, we will on demand pay to plaintiff the amount of whatever judgment may be recovered in said action, together with percentages, interest and costs.''

The original complaint in the action in which the undertaking was given alleges that within the two years last past the defendant became indebted to plaintiff in the sum of $9,525.70 for labels, stationery, and merchandise sold and delivered to the defendant, at their special instance and request, and that the defendant promised and agreed to pay for the same.

Under sections 2819, 2840, and 2844 of the Civil Code, did plaintiff's amended complaint exonerate the bondsmen? A comparison of the allegations of the amended complaint with those of the original complaint answers the question in the negative. The amended complaint alleges that within the two years last past the plaintiff sold and delivered to the defendant certain labels, stationery, and merchandise on the order, instance and request of said defendant; that the defendant contracted, promised and agreed to pay for said labels, stationery and merchandise so sold and delivered, the sum of $10,897.14, with interest amounting to $558.83; that nothing has been paid on account thereof except $2,000, and that there now remains due, owing and unpaid principal and interest in the sum of $9,445.97.

The amended complaint did not change or add any new parties to the action. The cause of action set forth in the amended complaint is based upon the same cause of action set forth in the original complaint. The two causes of action in the two pleadings are based on the same facts. Each cause of action is for the recovery of money alleged to be due and unpaid for the sale of the same identical ''goods, stationery and merchandise.'' The slight difference of phraseology in the wording of the two pleadings does not alter the obligation of either the principal or the sureties in the slightest respect.

After affirming the principle that a surety may stand upon the strict terms of his contract the supreme court of this state in the case of *Turner* v. *Fidelity & Deposit Co.*,

187 Cal. 76 [200 Pac. 959]; says: "The weight of authority, however, seems to sustain the rule that unless the amendments are such as to substitute new or different parties or to state a new and independent cause of action, the sureties or guarantors are bound by the judgment."

We hold on this branch of the case that the amended complaint in the original action did not alter or impair in any respect the original obligation of the debtor, nor did it prejudice any rights of the sureties. The sureties may stand strictly on the express terms of their contract, as they have a right to do, and yet they are liable. They undertook and promised to pay "the amount of whatever judgment may be recovered in said action" not exceeding $11,500. The amount of the judgment was $11,490.

2. The contention that this undertaking is nonenforceable because it is not in proper form is not well taken. Instead of the sureties in their affidavits to the undertaking qualifying as "residents and freeholders," as the law prescribes, they qualified as "residents and holders of real estate." The undertaking itself recites "We the undersigned, residents and freeholders in the County of Los Angeles." A holder of real estate or real property is a holder of a freeholder estate. Section 1057 of the Code of Civil Procedure has been substantially complied with. The court finds it unnecessary to consider or decide whether or not the undertaking may be enforced as a common-law bond.

3. The third point made by appellants to exonerate them from the obligation of their undertaking is that the sheriff took the undertaking after he had made his return on the writ of attachment without an order of the court as required by sections 554 and 555 of the Code of Civil Procedure. Here are all the dates and facts: On May 7, 1919, the writ of attachment was issued and placed in the hands of the sheriff for levy; on the same day levy was made and, in accordance with the custom and routine business of his office, the sheriff immediately made a certificate of his proceedings on attachment, dating the same May 7, 1919, but did not at that time return the writ and certificate to the court or file the same with the clerk; on May 8th the undertaking herein sued upon was given to the sheriff, whereupon

the sheriff, as he had a right to do under section 540 of the Code of Civil Procedure, released the attached property, and noted the fact on his certificate of his proceedings on attachment, which was still in his possession and under his control. On May 9, 1919, the sheriff filed with the clerk the writ of attachment, indorsed thereon or attached thereto his certificate of his proceedings on attachment. His return then was not made before May 9th and therefore the sheriff had the authority under section 540 of the Code of Civil Procedure to receive and accept the undertaking on May 8th, without order of the court. The court below found that the return of the writ was made on May 9th and not on May 7th, as contended by appellants. The date of the certificate cannot control the fact of the return.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.