[Civ. No. 3556.   Third Appellate District.—September 18, 1928.]

# FRANCES A. EVERETT, Respondent, v. J. CHAUNCY HAYES et al., Appellants.

Gibson, Dunn & Crutcher and Wright & McKee for Appellants.

Dana R. Weller for Respondent.

FINCH, P. J.—The plaintiff brought this action December 24, 1924, to quiet her title to several parcels of land.   The defendants alleged that in an action prosecuted by them against plaintiff's predecessor in interest, prior to the acquisition of title by the plaintiff, they had caused a writ of attachment to be duly levied on said lands and that such

action was still pending and undetermined. They prayed "that plaintiff may take nothing by this action; that further proceedings herein may be stayed and continued until such time as the rights of the parties in said cause . . . may be determined and adjudicated"; and for other relief.

The court found, in substance, that the defendants commenced an action against Mrs. L. J. H. Hastings September 28, 1923, to recover the sum of eleven thousand dollars alleged to be due them on contract; that in that action a writ of attachment was duly levied on part of the land described in the complaint herein which at that time belonged to and stood of record in the name of Mrs. Hastings; that the attachment has not been released or discharged and the action in which it was issued "has not been dismissed or terminated, but still remains pending and undetermined"; that "subsequent to the levy of said writ of attachment the said Mrs. L. J. H. Hastings conveyed to plaintiff all of her right, title and interest in and to all of said property owned by her and upon which said writ of attachment had theretofore been levied; that subsequent to the date of said transfer, . . . on the 27th day of April, 1924, the said Mrs. L. J. H. Hastings died intestate, and that no proceedings have been taken by any person to administer upon her estate."

As conclusions of law the court found that "the lien of the attachment . . . ceased to exist upon the death of the said Mrs. L. J. H. Hastings," and judgment was entered quieting the plaintiff's title against the claims of the defendants. The defendants have appealed from the judgment on the judgment-roll alone.

It was held in *Myers* v. *Mott*, 29 Cal. 359 [89 Am. Dec. 49], three of the justices joining in the decision and two dissenting, that if the defendant die after the levy of an attachment and before judgment in the action, his death destroys the lien of the attachment, and several later decisions are to the same effect. These decisions are not based upon any statute providing that the death of the defendant shall discharge the attachment but upon the statutory provisions that, when a judgment is recovered against an executor or administrator, "no execution must issue upon such judgment, nor shall it create any lien upon the property of the estate, or give to the judgment creditor any priority of

payment." (Code Civ. Proc., sec. 1504.) In the Myers case (*supra*, p. 370) it is said: "Here no lien can be acquired by means of the judgment, and no execution is permitted, and the purpose of the attachment becoming impossible of accomplishment, by reason of the death of defendant, it must of necessity, upon the happening of that event, have ceased to be a lien." In *Turner* v. *Fidelity & Deposit Co.*, 187 Cal. 76, 84 [200 Pac. 959, 963], it is said: "The right to pursue the debtor's property under attachment ends with his death, the attached property falls into the estate, and the only right left the attaching creditor as against the decedent's estate is to follow it under the modes of disposition provided by the probate law." In this case the attached property does not belong to the estate but has passed into the hands of a third person, who has no interest in the estate growing out of the transfer. From the findings of the court it appears that the property was conveyed to the plaintiff by quitclaim deed. It must be presumed that she did not give full value for the property, but that the consideration for the transfer was greatly less than such value because of the attachment lien. If the death of Mrs. Hastings discharged the attachment lien, then, if the estate is solvent, it will be compelled to pay any judgment recovered in the attachment suit, and, if insolvent, the plaintiffs therein will be unable to realize anything on the judgment, while the plaintiff in this action will hold the land freed from the lien with which it was encumbered at the time of the transfer, without any consideration therefor and contrary to natural justice. No reason appears for applying the rule announced in the Myers case to the facts of this case, but that rule should be limited to cases in which express statutory provisions have the effect of preventing the enforcement of attachment liens. In the absence of such statutory provisions, "there seems to be no reason why the attachment lien should not continue after the death of defendant, unless the principal action abates by reason thereof." (6 C. J. 279; Ann. Cas. 1917A, 156; 21 A. L. R. 279.) It is clear that the action against Mrs. Hastings did not abate by her death. (Code Civ. Proc., sec. 385.) Section 542a of the Code of Civil Procedure, added in 1909 (Stats. 1909, p. 749), as subsequently amended (Stats. 1919, p. 64), provides: "The attachment . . . shall be a lien upon all real property attached for a period of three years after

34

the date of levy unless sooner released or discharged as provided in this chapter, by dismissal of the action or by entry and docketing of judgment in the action.'' This action was commenced about fifteen months after the levy of the writ of attachment.

█ The fact that any judgment recovered in the attachment suit will not become a lien on the land will not prevent the enforcement of the attachment lien. Had the plaintiffs in that action recovered judgment during the lifetime of Mrs. Hastings and subsequent to the transfer, the judgment would not have been a lien on the land. (Code Civ. Proc., sec. 674.) It would not be contended, however, that, under such circumstances, the attachment lien would have been unenforceable. It has been held in a number of cases that an attachment lien on land may continue in force, under various circumstances, after entry of a judgment which does not constitute a lien on the land. (*Riley* v. *Nance*, 97 Cal. 203, 204 [31 Pac. 1126, 32 Pac. 315]; *Weinreich* v. *Hensley*, 121 Cal. 647, 661 [54 Pac. 254]; *Brun* v. *Evans*, 197 Cal. 439, 442 [241 Pac. 86].)

In the event of recovery of judgment by the plaintiffs in the attachment suit, since the attachment lien will be continued in force, the lien can be enforced by an appropriate suit in equity. In upholding the enforcement in equity of a judgment lien where there was no other adequate remedy, it was said: ''The enforcement of liens, whether equitable or statutory, is a well-recognized function of courts of equity; and the only distinction in this respect between the different kinds of liens is, that in the case of the latter equity will interpose only where there is no other adequate remedy. . . . In this case the property in question was conveyed to her daughter by Mrs. Wallace in her lifetime and therefore never formed part of her estate. It could not be reached, therefore, in the probate proceedings; nor could an execution be issued on the respondent's judgment. (Code Civ. Proc., secs. 686, 1505.) The respondent was therefore wholly without remedy otherwise than by resort to a court of equity. Whether there was other property in the estate out of which the claim might be paid does not appear; nor is the question material. The respondent has a specific lien on the property in question, which—so long as the debt is

not satisfied—he is entitled to enforce.'' (*Hibernia etc. Soc. v. London etc. Ins. Co.*, 138 Cal. 257, 279 [71 Pac. 334]).

The judgment is reversed.

Plummer, J., and Hart, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 8, 1928.

All the Justices present concurred.