[Civ. No. 16959.   Second Dist., Div. Two.   Oct. 3, 1949.]

PHILIP V. CLARY, Respondent, v. E. H. RUPERT, Appellant.

Victor A. Berry for Appellant.

Richard K. Gandy, Robert G. Cockins and Morgan W. Gordon for Respondent.

MOORE, P. J.—Defendant Rupert having deceased three months after the filing of this action and the due levy of a writ of attachment upon his property, his administratrix moved to dissolve the writ by reason of such death. She now appeals from the order denying the dissolution.

It has been the established law for over 80 years that the death of a defendant destroys the lien of an attachment

upon his property. (*Turner* v. *Fidelity & Deposit Co.,* 187 Cal. 76, 84 [200 P. 959] ; *Everett* v. *Hayes,* 94 Cal.App. 31, 32 [270 P. 458] ; *Ham* v. *Cunningham,* 50 Cal. 365, 366; *Hensley* v. *Morgan,* 47 Cal. 622, 623; *Myers* v. *Mott,* 29 Cal. 359, 367 [89 Am.Dec. 49].) No deviation from such holdings appears among this state's judicial decisions. Respondent urges that the Legislature by the last three words of section 542b of the Code of Civil Procedure* has clearly implied that the lien of attachment is to continue after the death of the defendant. Courts will not ignore a venerable rule of practice upon a mere implication of a statute. An intention on the part of the lawmakers to deviate from a procedure hoary with age must be unmistakably indicated. The doctrine of stare decisis is too firmly entrenched to be thus eradicated. In the absence of a definite statute altering a rule, the decisions of the Supreme Court must be followed.

The order is reversed.

McComb, J., and Wilson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 1, 1949.

---

*"An attachment or garnishment on personal property, whether heretofore levied or hereafter to be levied, shall, unless sooner released or discharged, cease to be of any force or effect and the property levied on be released from the operation of such attachment or garnishment, at the expiration of three years after the issuance of the writ of attachment under which said levy was made; and the property levied on shall be delivered to the defendant or his order or to his assignee or executor or administrator."