[Civ. No. 17663.   Second Dist., Div. Three.   Jan. 19, 1951.]

PHILIP V. CLARY, Respondent, v. JEAN R. MILLER, as Administratrix, etc., Appellant.

Victor A. Berry for Appellant.

Morgan W. Gordon for Respondent.

WOOD (Parker), J.—On October 11, 1947, plaintiff commenced an action against E. H. Rupert to recover $7,000 and interest due for money lent. Said defendant filed an answer. In February, 1948, before the action was tried, the defendant died. In March, 1948, Jean R. Miller (daughter of said defendant) was appointed administratrix of the estate of E. H. Rupert, deceased. On April 6, 1948, plaintiff presented a creditor's claim for said $7,000 and interest to the administratrix. Pursuant to an order granting plaintiff's motion to amend the complaint, a first amended complaint, wherein Mrs. E. H. Rupert was also named a party defendant, was filed. Thereafter a second amended complaint, wherein Mrs. E. H. Rupert was also named a party defendant, was filed. The administratrix did not allow the creditor's claim. On June 23, 1948, the plaintiff, after having elected to deem the claim rejected, served and filed a notice of motion to revive and continue the action against the administratrix of said estate, and for leave to file a supplemental complaint naming said administratrix as a party defendant. Said motion was granted on July 14, 1948, and the court also ordered that a summons be issued upon the supplemental complaint and that such summons and supplemental complaint be served on the administratrix. A supplemental complaint, wherein the administratrix and Mrs. E. H. Rupert were defendants, was filed. On October 5, 1948 (after a demurrer to the supplemental complaint had been sustained with leave to amend), plaintiff filed a first amended supplemental complaint wherein the administratrix and Mrs. E. H. Rupert were named as

defendants. Prior to the trial the action was dismissed as to Mrs. Rupert.

The court instructed the jury to return a verdict for plaintiff. The verdict was for plaintiff against the administratrix for $7,000. Judgment was entered, upon the verdict, for plaintiff for $7,000, with interest thereon at 7 per cent per annum from the date of judgment, and for costs in the sum of $101.30.

Defendant administratrix appeals from the judgment. She contends that (1) the first amended supplemental complaint did not state a cause of action against the administratrix; (2) the evidence was insufficient to support the judgment; and (3) costs should not have been awarded to plaintiff.

In the first amended supplemental complaint it was alleged, among other things, that on October 11, 1947, plaintiff filed an action against E. H. Rupert for $7,000 and interest due plaintiff for money lent to E. H. Rupert; that E. H. Rupert died on February 5, 1948, and Jean R. Miller was the duly qualified and acting administratrix of his estate; on April 6, 1948, plaintiff had duly presented to said administratrix a claim for the payment of the indebtedness described in the complaint on file herein which is the basis of the present action; a copy of said claim was attached to the first amended supplemental complaint, marked "Exhibit B," and made a part thereof. (Said claim was in the usual form of a proper creditor's claim and it recited as follows: "The sum of $7,000.00 is the balance due Philip V. Clary on loans made to Ellis H. Rupert by Philip V. Clary, as evidenced by a photostatic copy of the written acknowledgment of indebtedness. There is interest due on said $7,000 at the rate of 3 per cent per annum from November 1, 1947. (A photostatic copy of the written acknowledgment of said indebtedness was attached to this claim) (See Exhibit 'A' herein) $7,000.00."

It was alleged further in said first amended supplemental complaint that a copy of said second amended complaint herein was attached to the first amended supplemental complaint, marked "Exhibit C," and made a part thereof as though it were fully set forth therein. It was alleged in the first cause of action of said second amended complaint, so referred to and made a part of said first amended supplemental complaint, that on September 22, 1945, E. H. Rupert was indebted to plaintiff in the sum of $8,000 for money lent before that time by plaintiff to him; he had agreed to pay interest at the rate of 3 per cent per annum; a copy of said evidence of

indebtedness and agreement was annexed to said second amended complaint, marked "Exhibit A," and made a part thereof. The said agreement was as follows:

"September 22, 1945.

"Received of Philip V. Clary, $8,000 E.H.R., same to be used by E. H. Rupert in business at 1130 Santa Monica Blvd., Santa Monica, California. Mr. Clary is to receive Three per cent (3%) per annum on this investment, payable monthly.

"Mr. Clary is to receive Four Per Cent (4%) of net profit on all sales in the above mentioned business, payable monthly.

"Mr. E. H. Rupert agrees to pay Mr. Clary the above mentioned investment when Mr. Clary desires same, in monthly installments, beginning on demand.

"Mr. E. H. Rupert hereby agrees to give Mr. Clary first option on business when same is for sale, at a price to be agreed upon by all parties concerned, Mr. Clary's salary is to be mutually agreed upon.

E. H. Rupert
E. H. Rupert

Philip V. Clary
Philip V. Clary."

It was alleged further in said first cause of action of the second amended complaint that on November 1, 1945, plaintiff demanded payment of said $8,000; that no part thereof had been paid except $1,000. In said second amended complaint there were other causes of action as follows: An account stated as of September 22, 1945, for $7,000; an account stated as of November 1, 1945, for $7,000; and an open book account for $7,000.

Appellant's contention that the first amended supplemental complaint did not state a cause of action against the administratrix is not sustainable. It was proper to file a supplemental complaint substituting the administratrix as a party defendant and alleging the presentation of a creditor's claim to the administratrix. (See *Thomas* v. *Fursman,* 39 Cal.App. 278, 286 [178 P. 870]—opinion of Supreme Court denying petition for hearing; and *Crawford* v. *Meadows,* 55 Cal.App. 4, 9 [203 P. 428].)

The evidence was sufficient to support the judgment. E. H. Rupert had answered the complaint and admitted the execution of the agreement dated September 22, 1945, upon which the action was based. His alleged defense was that the money was not due. Mrs. Clary, the wife of plaintiff,

testified that plaintiff had the amount of $8,000 when she and plaintiff were married in 1943; that she does not make -any claim to that money; that, in her presence, plaintiff made many demands upon E. H. Rupert for payment of "these funds"; that about a week before the action was filed E. H. Rupert said he was not going to pay plaintiff. No evidence was offered by defendant administratrix.

Appellant's contention that costs should not have been allowed is not sustainable. The administratrix was substituted as a party in place of the decedent E. H. Rupert, and the judgment was in favor of plaintiff. Section 1032 of the Code of Civil Procedure provides in part that costs are allowed of course to a plaintiff upon a judgment in his favor in an action to recover money. The memorandum of costs herein states in part: "Marshal's fees, James S. Markey, Santa Monica, Fees cover Writ of Attachment of October 29, 1947 only. $88.80." Defendant made a motion to strike said item of costs from the memorandum on the ground "that it is not properly chargeable against this defendant." The motion was denied. Since the lien of the attachment herein was destroyed by the death of E. H. Rupert (*Clary* v. *Rupert,* 93 Cal.App.2d 844 [210 P.2d 44]), the costs, if any, incurred after the death in connection with the attachment should not be allowed. The record, however, does not show that any such costs were allowed.

The judgment is modified by adding, at the end thereof, the following words: "payable in due course of administration." As so modified, the judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.